UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JEFFREY SOUSA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 11-CV-2132 |
| ) | |
| KEITH ANGLIN, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Defendants Keith Anglin, Ron Ward, and Michael Waller filed this Combined Motion to Compel and Motion for Sanctions (#77) on March 4, 2014.  Pro se Plaintiff Jeffrey Sousa filed a Response (#78) entitled "Motion for Plaintiff to Return to Pro Se Status and Motion for Sanctions to be Lodged Against Defendants for Actions Attributable to their Counsel."  Upon examination of the motion and questioning of Plaintiff during a status conference on March 6, 2014, Plaintiff's filing is a response to Defendants' motion (#77).  The court notes that it granted Plaintiff's counsel's Motion to Withdraw (#79) at the status conference and Plaintiff is again proceeding in this matter pro se.

According to Defendants' Motion, on March 3, 2014, Defendants attempted to take Plaintiff's deposition at the Brookens Administration Center in Urbana, Illinois.  Approximately four hours into his deposition, Plaintiff claimed he needed to go to the hospital and accused defense counsel of threatening him.  Plaintiff then conferred with his counsel for an extended period of time.  Ultimately, Plaintiff left the premises without completing the deposition.  The

deposition was suspended. In his Response, Plaintiff stated he left the deposition early due to "legal threats" from defense counsel. Plaintiff also accuses defense counsel of making him "ill" by asking Plaintiff certain questions multiple times.

First, with regard to sanctions, Defendants argue that, pursuant to Federal Rule of Civil Procedure 30(d)(2), Plaintiff should be sanctioned for disrupting and purposely frustrating the deposition. Specifically, Defendants ask the court to require Plaintiff to pay the costs of the court reporter, up front, for the conclusion of the deposition. Rule 30(d)(2) states that the court may impose an appropriate sanction, such as the reasonable expenses and attorney's fees incurred by any party, on a person who impedes, delays, or frustrates the fair examination of the deponent. Fed. R. Civ. P. 30(d)(2). Having examined both parties' filings and hearing statements from both parties during the March 6 hearing, the court DENIES Defendants' motion for sanctions at this time. Plaintiff is proceeding pro se and is on parole from the Illinois Department of Corrections. The court has doubts, at this time, as to Plaintiff's ability to bear the costs of completing the deposition. Further, to the extent that Plaintiff, in his Response, is requesting the court impose sanctions on Defendants, that request is denied as well.

The court now turns to Defendants' motion to compel, which asks the court to issue an order directing Plaintiff to complete the deposition and to do so at the Office of the Illinois Attorney General in Springfield, Illinois. The court GRANTS the motion to compel. Plaintiff is warned that if he again impedes or delays the successful completion of the deposition, his case will be dismissed with prejudice. Here, Plaintiff was a deponent who failed to answer questions under Federal Rule of Civil Procedure 30, and this court is now compelling Plaintiff under Federal Rule of Civil Procedure 37(a)(3)(B)(i) to answer the questions and complete the

deposition.  See *Redwood v. Dobson*, 476 F.3d 462 (7th Cir. 2007) (a witness should not stay silent and refuse to answer a question he feels is improper during a deposition, but rather, if he objects, should state the objection concisely and in a non-argumentative manner; a witness may only refuse to answer when necessary to preserve a privilege, enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)).  If Plaintiff fails to comply with this discovery order, this court can dismiss Plaintiff's case pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v).  Plaintiff is therefore ordered, pursuant to Rule 37(a)(3)(B)(i), to complete the deposition peacefully and without incident at the Office of the Attorney General in Springfield, Illinois.

      IT IS THEREFORE ORDERED:

      (1) Defendants' Combined Motion to Compel and Motion for Sanctions (#77) is GRANTED in part and DENIED in part.  The motion to compel is GRANTED and Plaintiff is ordered, pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(i), to successfully complete the deposition, without incident, at the Office of the Attorney General in Springfield, Illinois, at a time to be agreed upon by the parties.  **<u>Plaintiff is hereby given notice by this court that if he disrupts, delays, or impedes for a second time the successful completion of his deposition, the court will dismiss his case with prejudice pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v) for failure to obey a discovery order issued under Rule 37(a).</u>**  Defendants' motion for sanctions is DENIED.

(2) This case remains set for a telephone status conference on Monday, April 14, 2014, at 9:30 am.

ENTERED this 7th day of March, 2014.

s/COLIN S. BRUCE<br>U.S. DISTRICT JUDGE